1
STANLEY GOFF (Bar No. 289564)
LAW OFFICE OF STANLEY GOFF
2
15 Boardman Place Suite 2
San Francisco, CA 94103
3
Telephone: (415) 571-9570
Email: scraiggoff@aol.com
4

5
Attorneys for Plaintiff Devell Wilson

6
UNITED STATES DISTRICT COURT

7
EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| DEVELL WILSON; | CASE NO.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| | Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force); |
| v. | |
| | **DEMAND FOR JURY TRIAL** |
| CITY OF VALLEJO; DOE VALLJEO POLICE OFFICER (K-9 HANDLER), AMERICAN CANYON POLICE OFFICERS SERGEANT CHAMBERS, KEVIN WALSH AND DOES 1-25. | |
| Defendants. | |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

1

Plaintiff, demanding a jury trial, brings this action against Defendant AMERICAN CANYON POLICE OFFICERS SERGEANT CHAMBERS AND KEVIN WALSH; CITY OF VALLEJO, DOE VALLEJO POLICE OFFICER (K-9 handler); DOES 1-25 for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

## I. PARTIES

1.  Plaintiff Devell Wilson, was at all times relevant to this complaint, living in the City of American Canyon, which is located within the Eastern District of California.

2.  Defendant CITY OF VALLEJO is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California, and is a municipality located within the Eastern District of California.

3.  Defendant DOE Vallejo Police Officer, is a police officer employed by the City of Vallejo, and he was employed as a (K-9 handler) police officer for the City of Vallejo at the time of the incident in question. The identity of this officer is unknown, but upon ascertaining the identity of this individual, the Plaintiff will amend the complaint to name this individual. This Defendant is being sued in his individual capacity.

4.  Defendant Officer Sergeant Chambers, is a police officer employed by the City of American Canyon, and he was employed as a police officer for the City of American Canyon at the time of the incident in question. This Defendant is being sued in his individual capacity.

5.  Defendant Officer Kevin Walsh, is a police officer employed by the City of American Canyon, and he was employed as a police officer for the City of American Canyon at the time of the incident in question. This Defendant is being sued in his individual capacity.

6. Defendant DOE OFFICERS 1-25 are police officers employed by the City of American Canyon, City of Vallejo, the Napa County Sheriff's Department and they were employed as law enforcement officers at the time of the incident in question. The identity of these officers are unknown at this time but upon ascertaining the identity of these individuals, the Plaintiff will amend the complaint to name these individuals in the complaint. These Defendants are being sued in their individual capacities.

7. All defendants acted under the color of law as it pertains to this complaint.

## II. JURISDICTION AND VENUE

8. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in Vallejo California, which is located within this district.

## III. STATEMENT OF FACTS

10. On July 15, 2018, the Plaintiff was being pursued by American Canyon Police Officer Defendant for violating various traffic laws, and was involved in a vehicle chase.

11. The Plaintiff subsequently got out of his car, ran on foot and hid out of site. While the Plaintiff was standing up and hiding, the DOE Vallejo Defendant Officer, who was handling a police K-9, released the K-9 without first issuing a warning for the Plaintiff to come out of hiding.

3

12. The K-9 found the Plaintiff hiding and proceeded to bite him with the DOE Vallejo Police Officer arriving approximately 30 seconds after the dog began biting the Plaintiff.  Two other officers along with the DOE Vallejo officer approached the Plaintiff with their guns drawn, while he was being bitten by the K-9.

13. All of these Defendant officers allowed the K-9 to continue to bite the Plaintiff for approximately two minutes before the dog was pulled off of him.

14. During the two minutes that the K-9 was allowed to attack the Plaintiff, he was already surrounded by multiple officers and held at gunpoint.

15. During the two minutes that the K-9 was allowed to attack the Plaintiff, he was not posing any threat to any of the officers present or to any one else.

16. During the two minutes that the K-9 was allowed to attack the Plaintiff, he was not resisting.

17. As a result of a loss of blood, the Plaintiff lost consciousness. The Plaintiff was subsequently charged with resisting arrest (Penal Code Section 148) and evasion pursuant to Vehicle Code Section 2800 in which he eventually plead no contest to these charges

18. As a result of the K-9 attack, the Plaintiff is currently walking with a limp and his nerves are causing pain in his leg especially when it is cold.

## IV. CAUSE OF ACTION

(**Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force and** *Monell*) − **As to All Defendants**)

19. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

20. That DOE Vallejo Defendant acting under color of law, used unreasonable and excessive force on July 15, 2018, by deliberately and intentionally deploying his K-9 without warning and allowing this K-9 to repeatedly bite the Plaintiff for two minutes on the leg after he was already surrounded by multiple officers at gun-point.

21. At the time that the Plaintiff was repeatedly bit by the DOE Vallejo Officer's K-9, (i) Plaintiff was unarmed; (ii) Plaintiff did not pose any threat to defendant officers or bystanders; (iii) the Plaintiff was not resisting. (iv) **NO WARNING** was ever issued by any of the officers that the K-9 was going to be deployed to bite the Plaintiff (v) other alternative methods were available to effectuate a seizure of the Plaintiff.

### *Integral Participants*

22. Defendants Walsh, Chambers and DOES 1-25, acting under color of law also used unreasonable and excessive force against the Plaintiff's person as *Integral Participants*, regarding the use of unreasonable force by DOE Vallejo Police Officer (K-9 handler) when these defendants held the Plaintiff at gun-point while the DOE Vallejo Police Officer had his K-9 repeatedly bite the Plaintiff after the Plaintiff was already physically surrounded and was not resisting.

5

23. Such actions were in conscious and reckless disregard of the risk of injury to the Plaintiff and under the circumstances there was no objectively reasonable basis for the use of such force.

### *Failure To Intervene*

24. Defendants Walsh, Chambers and DOES 1-25, acting under color of law also failed to intervene to prevent DOE Vallejo Police Officer (K-9 handler) from using his K-9 to repeatedly bite the Plaintiff's leg after the Plaintiff was already surrounded at gun point.

25. Defendants Walsh, Chambers and DOES 1-25, had a reasonable opportunity to prevent DOE Vallejo Police Officer (K-9 handler) from using his K-9 to repeatedly bite the Plaintiff's leg after the Plaintiff was already surrounded at gun point, because these Defendants were in close proximity to DOE Vallejo Police Officer (K-9 handler) and could have physically stopped him.

26. Such actions were in conscious and reckless disregard of the risk of injury to the Plaintiff and under the circumstances there was no objectively reasonable basis for the use of such force.

### *Monell Claims Against City of Vallejo*

27. Defendant City of Vallejo deprived Plaintiff of his rights, privileges, and immunities secured by the United States Constitution by, continuing a widespread or longstanding custom and practice of allowing its police officers to unreasonably deploy police K-9's and to instruct these K-9's to bite and inflict severe injuries when the use of such force is unreasonable.

28. Defendant City of Vallejo as the final policymaker for the Pittsburg Police Department, was a moving force behind the custom and practice at the time of the incident in question.

29. As a direct result of the conduct of the DOE Vallejo Police Officer, and the City of Vallejo, Plaintiff's constitutional rights were violated, resulting in Plaintiff's injuries.

6

30. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages in an amount according to proof.

## **V. PRAYER FOR RELIEF**

Plaintiffs pray for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;

2. For general damages according to proof;

3. For punitive damages against all individual defendants according to proof;

4. The prejudgment interest at the legal rate according to proof;

5. For costs and reasonable attorneys' fees as provided by law; and

6. For such other relief as the Court may deem fit and proper.

## **VI. JURY DEMAND**

Plaintiffs demand a jury trial in this action.

LAW OFFICE OF STANLEY GOFF

Dated: August 19, 2019                    _____*/s/ STANLEY GOFF*_____
                                                              STANLEY GOFF
                                                              Attorney for Plaintiff

7